No. 18-3959

_____

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

_____

**ATSCO HOLDINGS CORP., ET AL,**

*Plaintiff-Appellant,*

v.

**AIR TOOL SERVICE COMPANY, ET AL,**

*Defendants-Appellees.*

_____

On Appeal from the United States District Court
for the Northern District of Ohio
No. 1:15-CV-1586 (Boyko, Christopher A.)

_____

OPENING BRIEF OF ATSCO HOLDINGS CORP, ET AL.
_____

Brian P. Muething
Keating Muething & Klekamp PLL
1 E. 4th St. Suite 1400
Cincinnati, OH 45202

*Counsel for Plaintiffs-Appellants*

## CORPORATE DISCLOSURE STATEMENT

Pursuant to Fed. R. App. P. 26.1, Plaintiffs-Appellants ATSCO Holdings

Corp. and Hy-Tech Machine, Inc. make the following disclosures:

1. Is said party a subsidiary or affiliate of a publicly owned corporation? If Yes, list below the identity of the parent corporation or affiliate and the relationship between it and the named party:

   - Yes, Appellants are wholly-owned subsidiaries of P & F Industries (PFIN).

2. Is there a publicly owned corporation, not a party to the appeal, that has a financial interest in the outcome? If yes, list the identity of such corporation and the nature of the financial interest:

   - N/A

# TABLE OF CONTENTS

**Page**

CORPORATE DISCLOSURE STATEMENT ................................................................ i

STATEMENT REGARDING ORAL ARGUMENT ................................................... iii

STATEMENT OF JURISDICTION ............................................................................ 1

STATEMENT OF THE ISSUE ................................................................................... 2

STATEMENT OF THE CASE .................................................................................... 2

BACKGROUND AND PROCEDURAL HISTORY .................................................. 3

STANDARD OF REVIEW ........................................................................................ 8

SUMMARY OF ARGUMENT .................................................................................. 8

ARGUMENT ............................................................................................................ 11

    A.    The District Court Erred In Its Procedural Approach to the Claim Notice Issue  11

    B.    The District Court Failed to Apply the Contract by Not Considering the Material Prejudice Requirement ...................................................................................... 14

    C.    The District Court Failed to Give Effect to its Finding That ATSCO Breached the Dispute Resolution Procedures ....................................................................... 15

    D.    ATSCO Waived Compliance With the Pre-suit Filing Procedures ..................... 17

CONCLUSION ......................................................................................................... 18

# TABLE OF AUTHORITIES

**Federal Cases**

*Blonder-Tongue Laboratories, Inc. v. University of Illinois Foundation*,
  402 U.S. 313 (1971) ........................................................................... 23

*Eastham v. Chesapeake Appalachia, L.L.C.*,
  754 F.3d 356 ...................................................................................... 20

*Haskell v. Washington Twp.*,
  864 F.2d 1266 (6th Cir. 1988) ........................................................... 22

*Horton v. Potter*,
  369 F.3d 906 (6th Cir. 2004) ............................................................. 22

*Louzon v. Ford Motor Co.*,
  718 F.3d 556 (6th Cir. 2013) ....................................................... 17, 18

*Moore, Owen, Thomas & Co. v. Coffey*,
  992 F.2d 1439 (6th Cir. 1993) ........................................................... 23

*Solitron Devices, Inc. v. Honeywell, Inc.*,
  842 F.2d 274 (11th Cir. 1988) ........................................................... 21

*United States v. Digital Prods. Corp.*,
  624 F.2d 690 (5th Cir. 1980) ............................................................. 21

**State Cases**

*Marion Family YMCA v. Hensel*,
  178 Ohio App. 3d 140, 2008 Ohio 4413, 897 N.E.2d 184 (2008) .................... 21

*Sunoco, Inc. (R & M) v. v. Toledo Edison Co.*,
  129 Ohio St. 3d 397, 2011 Ohio 2720, 953 N.E.2d 285 (Ohio 2011) ............. 20

## STATEMENT REGARDING ORAL ARGUMENT

Appellants believe oral argument will assist the Court in resolution of the facts and circumstances surrounding the district court's order and allow the parties to respond to any inquires raised.

## STATEMENT OF JURISDICTION

This is an appeal from district court orders. A timely notice of appeal was filed on October 4, 2018.

## STATEMENT OF THE ISSUE

This appeal principally challenges whether the district court erred in functionally granting judgment against Appellants on their claims in the circumstance of a summary-judgment-but-without-the-procedural-protections ruling on an undeveloped factual record.

## STATEMENT OF THE CASE

Plaintiffs-Appellants (hereafter "Hy-Tech") purchased the assets of an operating business from Defendants-Appellees (hereafter "ATSCO"). The purchase price was $7,658,540. Post-closing, Hy-Tech concluded that certain representations and warranties in the asset purchase agreement had been breached. Within a year of the closing, and within the warranty survival period, Hy-Tech filed its complaint in the district court. The complaint identified the various representations that it contended had been breached and the conduct establishing the breach.

The parties litigated the merits of the claims asserted by Hy-Tech. On the eve of trial—not by motion but in a section of its trial brief—ATSCO contended that the lion's share of the claims in the case were barred by a threshold shortcoming: that the Defendants-Appellees had not received notice of the claims within one year. The parties proceeded to brief the issue to the district court. ATSCO did not file a summary judgment motion or actually any other kind of

motion. And while the briefing had many of the hallmarks of summary judgment briefing—the-motion-response-reply setup, the issues, the outcome—the district court did not hold ATSCO to a summary judgment burden, a point Hy-Tech made in the briefing.

Compounding this error, the district court relied on a contractual provision which applies only where there has been a showing of material prejudice. But the district court totally ignored this provision, never mentioning this "material prejudice" requirement, and granting ATSCO relief without requiring this showing. In function, the district court barred nearly all of Hy-Tech's case. Judgment was entered on the remaining claims to facilitate this appeal.

## BACKGROUND AND PROCEDURAL HISTORY

The claims in this case arise out of an Asset Purchase Agreement (the "Agreement") executed on August 13, 2014, wherein Hy-Tech purchased nearly all the assets of Defendant Air Tool for $7,658,540. The Agreement contained various representations and warranties. These included that: 1) the financial statements were true and accurate; 2) that there were no debts or liabilities outside those reflected in the balance sheet or financial statements; 3) they were the owners of all the Intellectual Property used in its business operations; 4) its inventories were finished and saleable; and 5) it owned the assets listed in the agreement and these assets were well maintained and in good working condition.

After closing Hy-Tech immediately began attempting to work with Defendants to address these issues. For example, on October 16, 2014, Joseph Molino (the chief financial officer and chief operating officer of Plaintiffs' parent company) wrote to Rick Sabath, a defendant below and the principal behind ATSCO, and raised multiple deficiencies with certain of the assets. (See Brief Ex. A, RE 61-1, PageId #: 769-771.) Mr. Sabath did not respond. On October 24, 2014, counsel for Hy-Tech wrote to Mr. Sabath again raising issues with the assets purchased in the transaction. Counsel's letter indicated a desire to resolve these issues among businesspersons with the companies (and also referred to an unreturned interim voicemail and email) (see correspondence at Brief Ex. B, RE 61-2, PageId #: 772-774.) Mr. Molino and Mr. Sabath then engaged in an approximately one-month discussion regarding issues identified in the original letter and others as identified by Mr. Molino. (See Emails reflecting these discussions at Brief Ex. C, RE 61-3, PageId #: 775-787). By letter of November 18, 2014, Mr. Sabath essentially rejected all requests for payment by Defendants. (See Letter at Brief Ex. D, RE 61-4, PageId #: 788-790.)

ATSCO having failed to address any of the issues identified by Hy-Tech, and Hy-Tech believing that some or all of its claims were subject to arbitration, Hy-Tech initiated an arbitration proceeding. (See arbitration demand at Brief Ex. E, RE 61-5, PageId #: 791-792.) Pursuant to the agreement, the role of the arbitrator

was to pick an independent accountant (should the parties be unable to agree) to resolve the dispute. Despite this modest role of the arbitrator, ATSCO substantially muddied the water by submitting a letter that addressed the merits of the dispute (see Brief Ex. F, RE 61-6, PageId #: 793-794), generally refused to participate, and so confused the issues that AAA eventually determined it could not assist the parties (see email Brief Ex. G, RE 61-7, PageId #: 795-797).

On August 10, 2015, Hy-Tech filed the action below (see Complaint, RE 1, PageId #: 1-69). The suit was filed only after all efforts to engage with ATSCO with respect to deficiencies had failed to generate any action by ATSCO. The suit was filed within the one-year warranty survivability period within the contract. The district court clerk initiated service by summons by certified mail on August 12, 2015, less than a year after the execution of the Agreement (see Original Summons, RE 2, PageId #: 70-75).

ATSCO did not contend upon filing that the pre-suit claim notice provisions had not been satisfied. More specifically, despite filing a Rule 12 motion (directed to Hy-Tech's punitive damages claim) (Motion to Strike, RE 10, PageId #: 165-170), ATSCO did not raise the Case claim notice issue by motion. ATSCO's answer (Answer, RE 11, PageId #: 171-231) does not assert an affirmative defense related to this issue. The report of the parties' Rule 26 planning conference (Rule 26 report, RE 21, PageId #: 267-269) does not refer to Claim Notice issue and

Defendants did not bring the issue up at the case management conference. The parties then engaged in a discovery process and participated in two mediations. Without revealing the substance of those mediations, Defendants did not suggest that this claim notice issue barred Hy-Tech's claims. Rather, ATSCO raised this issue for the first time in its trial brief.

ATSCO relied principally on the following language in the Agreement:

In the event that any Action, Claim or demand (collectively, "Claim") for which a party hereto has an obligation to provide indemnification (the "Indemnifying Party")would be liable to another party hereunder (the "Indemnified Party") is asserted against or sought to be collected from an Indemnified Party by a third party, the Indemnified Party shall notify the Indemnifying Party of such Claim, specifying the nature of the Claim and the amount or the estimated amount thereof to the extent then feasible (which estimate shall not be conclusive of the final amount of the Claim) (the "Claim Notice"). The Indemnifying Party shall thereupon, at its sole cost and expense, assume the control of the defense, settlement or compromise of the Claim against the Indemnified Party with counsel of Indemnifying Party's choosing that is reasonably satisfactory to Indemnified Party. The failure to timely give a Claim Notice shall not relieve Indemnifying Party of its or his obligations hereunder, except and only to the extent that such failure shall result in any material prejudice to Indemnifying Party in defense of the Claim.

Under ATSCO's reading, a Claim Notice is the contractual prerequisite to the bringing of litigation to assert a claim for a breached representation or warranty.

At the final pre-trial conference, the district court resolved to allow the parties to further develop their positions through written submissions. ATSCO filed the first document. It filed something it called a "brief." (Brief, RE 59, PageId

#: 673-757.) The brief was not styled as a motion and was not supported by the development of a factual record (undisputed or otherwise). The brief simply contended that the Claim Notice was required and was not provided. The brief did not attempt to develop any argument as to "material prejudice" as required in the Agreement to give effect to the alleged lack of a Claim Notice.

Hy-Tech responded to ATSCO's brief (Brief, RE 61, PageId #: 761-801). Hy-Tech first argued that it did provide a Claim Notice; that ATSCO had failed to argue or establish the "material prejudice" prong; and that ATSCO's pre-litigation and litigation conduct had waived strict compliance with the Claim Notice requirement. (*Id*.) Hy-Tech specifically invoked the lack of a developed factual record supporting ATSCO's position and argued that the district court cannot enter judgment under those circumstances. (*Id*. at PageID # 761, 764-65.)

The district court entered a document it called "Order" on December 20, 2017. (Order, RE 64, PageId #: 823-833.) There was no further description in the caption of the "Order" perhaps because ATSCO had not filed a motion seeking particular identifiable relief in its opening brief.

The district court opinion is favorable to Hy-Tech (the Appellant) in certain important respects. First the district court held that a Claim Notice was submitted by Hy-Tech to ATSCO. (*Id*. at PageID # 828-829.) Second the district court found that ATSCO had "refused to participate in" the pre-suit arbitration proceedings

related to potential adjudication of the dispute. (*Id*. at PageID # 832.)  However, the district court held that the Claim Notice only identified a small subset of the claims presented in the Complaint for litigation. The district court then determined that the "claims [for trial] are limited to those claims made in the October 16, 2014 [Claim Notice]." (*Id*.) The other claims advanced by Hy-Tech in the Complaint, and litigated on the merits through discovery and up to trial, "will be foreclosed at trial." (*Id*.)

The district court did not mention "material prejudice" in its order. It did not analyze the issues under any particular procedural rubric.

## STANDARD OF REVIEW

ATSCO urged in its brief to the district that the claims "fail[ed] as a matter of law." (Brief, RE 59, PageId # 674, 682.) The district court then proceeded to analyze ATSCO's arguments and "foreclose" Hy-Tech's claims. The district court did not conduct any evidentiary hearing or anything else where the district court was in a superior position to this Court in connection with the issues. In these regards, the district court reached a legal determination and therefore is subject to *de novo* review.

## SUMMARY OF ARGUMENT

1. The district court erred in its procedural handling of the eleventh-hour issue raised by ATSCO. ATSCO did not file a motion for summary judgment—or

any other motion—but rather filed a "Brief." Hy-Tech objected that it was inappropriate to enter a judgment on the claims at issue in this context, particularly where ATSCO was required by the Agreement to make a showing of "material prejudice." The district court effectively entered summary judgment but did not consider ATSCO's Brief under that standard; had it done so, it would have (or should have) determined that ATSCO could not carry its burden.

2. ATSCO never identified any material prejudice in having failed to receive the Claim Notice to the extent it declares was needed. This showing of "material prejudice" was required under the Agreement and Hy-Tech made this lack of prejudice a centerpiece of its opposition. The district court never even addressed the issue. The only time the term appears in the district court's order is when the court identifies the language in the contract; there is no application or discussion of this essential and required concept.

3. The district court (correctly) found on the facts presented that ATSCO refused to participate in the pre-suit arbitration process. But the district court never applied this finding to the issues before it. It was error for the district court to conclude that ATSCO failed to adhere to the contract's dispute provisions but require hyper-technical compliance by Hy-Tech.

**4.** The district court erred in concluding that 18 months of substantive litigation had no effect on whether the threshold defense was properly advanced on the eve of trial.

## ARGUMENT

### A.    The District Court Erred In Its Procedural Approach to the Claim Notice Issue

As noted above, ATSCO first presented the potential Claim Notice in its trial brief in the weeks leading up to the district court's trial setting of the case. Rather than proceed to trial in a scenario where ATSCO now was essentially contending an entitlement to summary judgment, the district court ordered briefing on the Claim Notice issue. (Order, RE 58 ("The Court continues the trial in this matter and orders the parties to brief the issue of notice under the Indemnification provision of the Asset Purchase Agreement. Defendants shall file their brief no later than August 4, 2017. Plaintiffs shall file their responsive brief no later than August 18, 2017 and Defendants shall file their reply no later than August 25, 2017. The Court will rule and set a new trial date, if needed, thereafter.") PageId # 671-672.)

In all material respects, the district court had ordered summary judgment briefing. This is apparent from the stakes of the motion; the movant-opposition-reply structure of the briefing it ordered; that ATSCO sought an order that "claims must fail as a matter of law" (Brief, RE 59 at PageID # 674, 682); and that the district court would set a new trial date, "*if needed*," after the district court's contemplated resolution (the implication being that the district court might dispose

of most or all of the claims through this briefing…as it did). (Order, RE 58, PageId # 671-672)

But despite all of the hallmarks of summary judgment practice, ATSCO never invoked the rule and never attempted to show why it carried a Rule 56 summary judgment burden. Hy-Tech objected on this specific issue, arguing that the "grant [of] judgment without a trial would mean Defendants would have to meet the Rule 56 standard which they cannot do. Indeed there is no factual record at all for the Court on this question." (Brief, Doc. 61 at PageID # 765.)

Despite Hy-Tech's opposition in this regard, the district court did not analyze ATSCO's request under a summary judgment standard or any other identified standard. The district court simply entered an "Order" and, without reference to a rule of procedure or standard, "foreclosed" the vast majority of Hy-Tech's claims.

This Court has reversed a district court order under nearly identical circumstances. In *Louzon v. Ford Motor Co.,* 718 F.3d 556 (6th Cir. 2013), a defendant filed a motion *in limine* that essentially argued for judgment as a matter of law. The district court granted the motion and then entered an order to show cause why summary judgment should not enter on the claims for lack of evidence. *Id*. at 559-60. The district court entered summary judgment and the plaintiff appealed.

Holding that "the district court not only considered issues improperly raised in limine, but also abused its discretion by resolving genuine issues of material fact," this Court reversed. *Id*. at 561. The Court noted that "a mechanism already exists in civil actions to resolve non-evidentiary matters prior to trial—the summary-judgment motion." *Id*. And a district court that "[a]llow[s] a party to litigate matters that have been or should have been resolved at an earlier stage…deprives their opponents of the procedural protections that attach at summary judgment." Because the issue in *Louzon* concerned "whether [the plaintiff's] evidence is insufficient as a matter of law" and that "requires a summary judgment analysis," the district court's pretrial handling of the disputed issue was inappropriate and required reversal. *Id*. at 562.

*Louzon* applies here and requires reversal. Just as in *Louzon*, the district court here considered an issue that needed to be, but was not, considered pursuant to and with the procedural protections established by summary judgment practice. The district court considered and weighed the import of evidence but did not hold ATSCO to the Rule 56 showings. Indeed the district court's handling was even more flawed than in *Louzon* because at least there the district court issued a show cause as to why summary judgment should not issue. Here, the procedural waters are still murkier, because in one order, the district court considered evidence,

"foreclosed" claims, and effectively entered judgment in one procedurally unmoored order. This was a substantial error and requires reversal.

**B.    The District Court Failed to Apply the Contract by Not Considering the Material Prejudice Requirement**

The most important aspect of the district court's order is its determination that Hy-Tech never provided a Claim Notice to ATSCO during the one-year warranty period. Assuming this applied as ATSCO claims, the Agreement speaks to the effect of this alleged failure. It states in relevant part that "The failure to timely give a Claim Notice shall not relieve Indemnifying Party of its or his obligations hereunder, except and only to the extent that such failure shall result in any material prejudice to Indemnifying Party in defense of the Claim."

So the Agreement specifically provides that the failure to give the Claim Notice can only have a legal effect if something else happens: namely that this failure results in "material prejudice."

With that controlling contractual language, the district court's error becomes apparent. The district court found that a Claim Notice did not support nearly all of the claims in the Complaint. And then, *based on this finding alone*, foreclosed the claims entirely. The term "material prejudice" appears just once in the district court's order: in the district court's quoting of the contract language. So the district court knew the requirement existed—and Hy-Tech urged that no relief was appropriate without this showing—but the district court entirely skipped over the

material prejudice requirement. Indeed there is no analysis of this concept in the district court's order. And ATSCO made no effort to place before the district court any evidence of prejudice.

The district court's role in contract interpretation was to "give effect to the intent of the parties" by "presum[ing] that the intent of the parties is reflected in the language of the contract." *Eastham v. Chesapeake Appalachia, L.L.C.*, 754 F.3d 356, 361 (6th Cir. 2014) (citing *Sunoco, Inc. (R & M) v. Toledo Edison Co.*, 129 Ohio St. 3d 397, 2011 Ohio 2720, 953 N.E.2d 285, 292 (Ohio 2011)).   And "[w]hen the language of a written contract is clear, a court may look no further than the writing itself to find the intent of the parties." *Id*. Here the district court violated these principles in the most basic way: it ignored the language of the contract. This requires reversal.

**C.     The District Court Failed to Give Effect to its Finding That ATSCO Breached the Dispute Resolution Procedures**

As shown in the Statement of Facts and as identified to the district court, ATSCO and its representative stubbornly refused to participate in required contractual dispute processes in advance of the filing of the litigation. The district court agreed. It found that ATSCO had "refused to participate in" the pre-suit arbitration proceedings related to potential adjudication of the dispute. (Order, RE 64 at PageID # 832.) But then the district court failed to give this determination any effect.

When a party fails to abide by its obligations under a contract, it is not entitled to insist upon full compliance by its counterparty. *Marion Family YMCA v. Hensel*, 178 Ohio App. 3d 140, 142-43, 2008 Ohio 4413, 897 N.E.2d 184 (2008) (citing Williston on Contracts, Chapter § 63:3) ("a material breach of contract will entitle a party to stop performance"). This is especially true where, as here, the contractual breach by ATSCO was on the exact issue (dispute resolution procedure) that it then used as a sword to defeat Hy-Tech's claims.

Under the circumstances found by the district court, delivery of the Claim Notice would have been futile anyway. *Solitron Devices, Inc. v. Honeywell, Inc.,* 842 F.2d 274, 278 (11th Cir. 1988); *United States v. Digital Prods. Corp.,* 624 F.2d 690, 694 (5th Cir. 1980). The facts presented in Hy-Tech's opposition show that ATSCO was entirely failing to engage with Hy-Tech on issues it had identified. When Plaintiffs initiated their arbitration proceeding, Defendants "refused to participate." At that point it was no longer realistic—or legally required—for Hy-Tech to provide notice that ATSCO was just going to ignore, a fact that the district court found but failed to give any legal effect.

What is notable here is that the district court found the underlying breach by ATSCO but then did nothing with it; it gave this breach no legal effect. And it failed to consider how ATSCO's "refus[al] to participate in" the pre-suit dispute

resolution proceedings affected Hy-Tech's own alleged pre-suit requirements. That was error.

### D.    **ATSCO Waived Compliance With the Pre-suit Filing Procedures**

ATSCO claimed, and the district court held, that the vast majority of the claims below were barred by the failure to assert a Claim Notice in advance of filing the lawsuit. In this regard—whether or not Hy-Tech established the truth of the allegations in the complaint, that Hy-Tech was still not entitled to relief—ATSCO was asserting an affirmative defense. ATSCO waived that affirmative defense.

Federal Rule of Civil Procedure 8(c) requires certain affirmative defenses, including the defense of waiver, to be stated in the answer. Fed. R. Civ. P. 8(c)(1). In fact, "[f]ailure to plead an affirmative defense in the first responsive pleading to a complaint generally results in a waiver of that defense." *Horton v. Potter*, 369 F.3d 906, 911 (6th Cir. 2004) (citing *Haskell v. Washington Twp*., 864 F.2d 1266, 1273 (6th Cir. 1988)).

There is no credible contention that the Claim Notice issue was expressly identified—by name or by contractual provision, for example—in the answer or by a motion responsive to the complaint. The district court nevertheless found that the affirmative defense was preserved by ATSCO's affirmative defenses of "breach of contract, estoppel and failure to comply with the terms of the inventory

procedure." But none of these would provide reasonable notice to Hy-Tech of the argument ATSCO was asserting. *Moore, Owen, Thomas & Co. v. Coffey*, 992 F.2d 1439, 1445 (6th Cir. 1993) ("The purpose of Rule 8(c) is to give the opposing party notice of the affirmative defense and a chance to rebut it.") (citing *Blonder-Tongue Laboratories, Inc. v. University of Illinois Foundation*, 402 U.S. 313, 350 (1971)).

Indeed all signs point to the Claim Notice issue being developed very late in the litigation: there was no preliminary or dispositive motion on the issue, no express invocation in the answer, no mention of it in the party's planning conference report, and substantive discovery on Hy-Tech's claims. Under these circumstances, it was error for the district court to find that the issue had been preserved.

That the trial was continued for briefing does not change the analysis. At this point, discovery was closed. The record was complete. The ability for Hy-Tech to marshal argument and evidence to its cause was limited or non-existent. The past-the-eleventh-hour invocation of the Claim Notice defense was prejudicial and the district court's contrary interpretation was in error.

## CONCLUSION

For the foregoing reasons, Hy-Tech requests that the judgment below, and the December 21, 2017 order specifically, be reversed and the case be remanded to the district court for proceedings not inconsistent with the Court's reversal.

Respectfully submitted,

*/s/ Brian P. Muething*
Brian P. Muething (0076315)
Keating Muething & Klekamp, PLL
One East Fourth Street, Suite 1400
Cincinnati, Ohio 45202
Tel:  (513) 579-3814
Fax:  (513) 579-6457
bmuething@kmklaw.com

*Attorney for Appellants,*
*ATSCO Holdings Corp. and HY-TECH*
*Machine, Inc.*

## STATEMENT OF COMPLIANCE

This document complies with the type-volume limit of Fed. R. App. P. 32(a)(7)(B) because, excluding parts exempted by Fed. R. App. P. 32(f), this document contains 3796 words.


*/s/ Brian P. Muething*
Brian P. Muething

## Designation of Relevant Lower Court Documents

| Document | Record Entry Number and PAGE ID Number |
|---|---|
| Complaint | 1 (PageId #: 1-69) |
| Summons | 2 (PageId #: 70-75) |
| Amended Complaint | 4 (PageId #: 78-150) |
| Motion to Strike | 10 (PageId #: 165-170) |
| Answer | 11 (PageId #: 171-231) |
| Report of Planning Meeting | 21 (PageId #: 267-269) |
| Trial Briefs | 53 (PageId #: 608-636), 54 (PageId #: 637-655) |
| Order | 58 (PageId # 671-672) |
| Briefs on Claim Notice Issue | 59 (PageId #: 673-757), 61 (PageId #: 761-802), 62 (PageId #: 803-817) |
| Orders | 63 (PageId #: 818-822), 64 (PageId #: 823-833) |
| Judgment | 97 (PageId #: 1079) |

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on the 28th day of February, 2019, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to all counsel of record.

*/s/ Brian P. Muething*
Brian P. Muething